**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-27960-RAR**

**KEN DAVID URRIBARRI GRANADO**,

Petitioner,

v.

**DIRECTOR GARRETT RIPA**, *et al.*,

Respondents.
_______________________________________________/

**ORDER TO SHOW CAUSE AND OMNIBUS ORDER**

**THIS CAUSE** comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], filed on November 9, 2026. Petitioner Ken David Urribarri Granado ("Petitioner") alleges that he has been committed to unlawful detention and seeks that the Court order his immediate release from custody. *See generally* Pet.

Under Section 2241, district courts may grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3); *see also Medberry v. Crosby*, 351 F.3d 1049, 1055 (11th Cir. 2003). The Eleventh Circuit has made clear that "the petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Gomez v. United States*, 899 F.2d 1124, 1125–26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *See* 28 U.S.C. § 2243. The "order to show cause shall be directed to the person having custody of the person detained [and] shall be returned within three days[.]" *Id.*

The Court having carefully reviewed the Petition, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Within **three (3) days** of this Order, Petitioner shall do the following:

   a. If it is not included in the Petition, Petitioner shall file his A-Number on the public docket.[1]

   b. To the extent the operative Petition is not verified, Petitioner shall file a Verified Petition.

2. Further, throughout the pendency of the Petition, Petitioner's counsel shall promptly inform the Court of any material change in Petitioner's immigration proceedings or any change to Petitioner's immigration status.

3. Within **three (3) days** of service of the Petition,[2] Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition.[3] *See* 28 U.S.C. § 2243 (requiring that a show cause response "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

---

[1] Petitioner is permitted to file a motion to file his A-Number under seal.

[2] Once service has been effectuated, Petitioner is directed to file a Certificate of Service on the public docket.

[3] The Government shall review this Court's prior opinions in the immigration context in preparing its Response and address them to the extent they are applicable. *See e.g.*, *Grigorian v. Bondi*, No. 25-22914, 2025 WL 1895479 (S.D. Fla. July 8, 2025); *Ibarra v. U.S. Dep't of Homeland Sec. Immigr. & Customs Enf't & Removal Operations Mia. Field Off.*, No. 26-22501, 2026 WL 1893606 (S.D. Fla. May 7, 2026); *Dumont Rodriguez v. Mia. ICE Field Off. Dir.*, No. 26-23664, 2026 WL 2568545 (S.D. Fla. Aug. 31, 2026); *Sylvaince v. Warden, Mia. Fed. Det. Ctr. FDC*, No. 26-23991, 2026 WL 2568522 (S.D. Fla. Aug. 31, 2026); *Merchan v. Warden, Krome Serv. Processing Ctr.*, No. 26-24121, slip op. at 5–6 (S.D. Fla. Sep. 25, 2026); *Ramos v. Warden of the Mia. Fed. Det. Ctr.*, No. 26-24966, 2026 WL 3023694 (S.D. Fla. Oct. 8, 2026); *Rodriguez Dominguez v. Fed. Det. Ctr.*, No. 26-25853, 2026 WL 3121379 (S.D. Fla. Oct. 19, 2026); *Beltran Cardo v. Warden, Krome Serv. Processing Ctr.*, No. 26-25568, slip op. at 3–6 (S.D. Fla. Oct. 29, 2026); *Moroni Silva v. Broward Transitional Ctr.*, No. 26-62159, slip op. at 4–6 (S.D. Fla. Oct. 29, 2026).

a. Respondents shall include all records bearing upon the "true cause of the [petitioner's] detention." 28 U.S.C. § 2243.

b. Counsel for Respondents is instructed to caption this response as "Response" and not "Motion to Dismiss."

4. Petitioner may, but is not required to, file a reply within **three (3) days** after Respondents file their Response to the Petition. Any such reply shall not exceed **ten (10) pages**. *See* S.D. Fla. L.R. 7.1(c). No other pleadings will be allowed.

5. This case shall be **CLOSED for administrative purposes only** pending briefing of the Petition.

6. Failure to comply with any of the requirements set forth herein will result in the dismissal of this case for failure to comply with Court orders, without further notice. *See* FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in Miami, Florida, this 10th day of November, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**